UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  EDCV 24-0796 HDV (PVC) | Date: April 22, 2024 |
| Title  Taiwan Orran Reed v. Tammy L. Campbell, Warden | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None | None |

**PROCEEDINGS:   ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE THE PETITION (1) IS NOT PROPERLY VERIFIED; and (2) CONTAINS UNEXHAUSTED CLAIMS**

On April 16, 2024, Petitioner, a California state prisoner proceeding with counsel filed a habeas petition pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). The Petition raises 12 grounds for relief. (*Id.* at 5–10).[1] However, the Petition is subject to dismissal because it is not properly verified and Grounds 11 and 12 are unexhausted.

**A. The Petition Is Not Properly Verified**.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; see also 28 U.S.C. foll. § 2254, Rule 2(c)(5) (The petition must … be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."). Further, "[i]f the petition … is verified by a

---

[1] Page citations to the Petition, which includes non-sequential pages and many attached exhibits, refer to the CM/ECF-generated page numbers on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 24-0796 HDV (PVC)                                   Date:  April 22, 2024

Title         Taiwan Orran Reed v. Tammy L. Campbell, Warden

person other than the individual in custody, the person verifying the document shall set forth the reason why it has not been verified by the person in custody.  The person verifying the document shall allege only facts personally known to that person.  If facts are alleged upon information and belief, the source of the information and belief shall be stated." C.D. Cal. Local Rule 83-16.2.  Here, while Petitioner's counsel prepared and signed the Petition, it is not clear which facts were personally known to counsel, and which were alleged upon information and belief.  Nor does the Petition set forth any reason why Petitioner did not verify his Petition.  <u>After Petitioner has fully satisfied the exhaustion issue discussed below, he shall file a properly verified Petition to avoid dismissal.</u>

    **B. The Petition Contains Unexhausted Claims.**

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).  The inclusion of unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 24-0796 HDV (PVC)                                                Date:  April 22, 2024

Title      Taiwan Orran Reed v. Tammy L. Campbell, Warden

      Here, it appears that Ground 11 and 12 are unexhausted because they were never raised before the California Supreme Court. (Pet. at 3–4 (acknowledging that Grounds 11 and 12 are pending in a habeas petition before the California Court of Appeal)). Accordingly, the Petition is subject to dismissal and Petitioner has five available options:

      **Option 1:**  If Petitioner wishes to contend that all of his claims are exhausted, he should append to his response copies of any document, such as his state court briefs or petitions, establishing that each ground is exhausted. If Petitioner admits that he has not exhausted a particular claim or claims, he must select one of the following options.

      **Option 2:**  Petitioner may request a voluntary dismissal of this *action* without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

      **Option 3:**  Petitioner may request a voluntary dismissal of *any unexhausted claim* and elect to proceed only on his exhausted claims. Petitioner may also use the attached Notice of Dismissal form to select this option. However, Petitioner is advised that if he elects to proceed without the unexhausted claim(s), any future habeas claims that could have been raised in the instant Petition may be rejected as successive.

      **Option 4:**  Petitioner may request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines*, the Court is empowered to stay all of the claims in a "mixed" petition while Petitioner returns to the state courts to exhaust any already pled, but unexhausted, claim(s). *See id.* at 277–78. To obtain a stay pursuant to *Rhines*, Petitioner is required to show good cause for his failure to exhaust any unexhausted claim(s) in state court and to establish that each unexhausted claim is not "plainly meritless." *See id.* at 277.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 24-0796 HDV (PVC)                                          Date:  April 22, 2024

Title        Taiwan Orran Reed v. Tammy L. Campbell, Warden

     **Option 5:**  Petitioner may request a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).  Under *Kelly*, Petitioner would have to dismiss any unexhausted claim(s), but the Court would be empowered to stay any remaining, fully exhausted claims while he returned to the state courts to exhaust the unexhausted claim(s).  *See id.* at 1070–71.  Unlike a *Rhines* stay, a stay under *Kelly* does not require a showing of good cause.  *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).  A *Kelly* stay requires compliance with the following three-step procedure: (1) the petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) the petitioner subsequently seeks to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition."  *Id.*; *see also Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 n.4 (9th Cir. 2015) (quoting same).

     Petitioner is cautioned, however, that he will be allowed to amend his Petition to add any newly-exhausted claims following a *Kelly* stay only if the AEDPA statute of limitations has not yet expired, or if the claims "relate back" to the timely exhausted claim(s) in the pending petition.  *King*, 564 F.3d at 1140–41.  A claim relates back if it shares a "common core of operative facts" with one or more of the claims in the pending petition.  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  Therefore, as the Ninth Circuit has cautioned, "compared to the *Rhines* procedure, '*Kelly* is not only a more cumbersome procedure for petitioners, but also a riskier one.'"  *Mitchell*, 791 F.3d at 1171 n.4 (quoting *King*, 564 F.3d at 1140).  "[F]rom the perspective of the petitioner, the downside of the *Kelly* procedure is that there is no assurance that the claims added to the petition after exhaustion will be considered timely filed."  *Mitchell*, 791 F.3d at 1171 n.4.

     In sum, the Court **ORDERS** Petitioner to file a response, within **14 days** of the date of this Order, specifically stating which of the five options he wishes to pursue.  To select Option One, Petitioner must file a declaration signed under penalty of perjury and attach copies of any documents establishing exhaustion of each of his 12 claims.  To select Options Two or Three, Petitioner may use **the attached Notice of Dismissal form**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 24-0796 HDV (PVC)                                           Date:  April 22, 2024

Title          Taiwan Orran Reed v. Tammy L. Campbell, Warden

and fill it out according to his choice to dismiss either the entire action or only his unexhausted claims.  To select Options Four or Five, Petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to either *Rhines* or *Kelly*.  If Petitioner wishes to obtain a stay pursuant to *Rhines*, he must also set forth good cause for his failure to have exhausted any particular claim(s) and show why each unexhausted claim is not plainly meritless.

**Petitioner is expressly warned that failure to timely file a declaration or other response to this Order <u>will</u> result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |